UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCE WALKER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, ET AL.<br><br>Defendants. | Case No. EDCV 21-419-JFW (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

I.

**INTRODUCTION**

Plaintiff Florence Walker ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging deliberate indifference to Plaintiff's serious medical needs in violation of her Eighth Amendment rights and various state law claims. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

II.

**BACKGROUND**

On March 8, 2021, Plaintiff filed a Complaint pursuant to Section 1983 against defendants State of California and California Department of Corrections and Rehabilitation ("CDCR") and the following defendants in their individual and official

capacities: (1) correctional officer Kimberly Cole ("Cole"), (2) physician F. Hermosia ("Hermosia"); (3) registered nurse Williams ("Williams"); (4) registered nurse Carr ("Carr"); (5) licensed vocational nurse Salas ("Salas"); (6) clinical nursing staff Issachar ("Issachar"); (7) physician R. Liu ("Liu"); and (8) physician Marakonda ("Marakonda") (collectively, "Defendants").[1] ECF Docket No. ("Dkt.") 1. The allegations in the Complaint arise from Plaintiff's medical care while she was incarcerated at Central California Women's Facility ("CCWF") in 2008 and California Institution for Women ("CIW") in 2016 and 2017. Id. Plaintiff alleges Defendants' actions constituted deliberate indifference in violation of the Eighth Amendment and violations of various state laws. Id. Specifically, the Complaint sets forth the following relevant allegations:

## A.  PLAINTIFF'S MEDICAL CARE AT CCWF IN 2008

From 2006 to 2014, Plaintiff was a state prisoner in the custody of CDCR at CCWF. Id. at 7. In 2008, Plaintiff suffered from eczema and sought medical care. Id. at 5. From March 14 to August 8, 2008, defendants Williams (registered nurse at CCWF), Cole (correctional officer at CCWF), and Hermosia (physician at CCWF) did not consider Plaintiff's eczema to be a priority and "brushed [it] off as non-urgent or

---

[1] Plaintiff mentions "Do[e]s 1-10" in her Complaint. Dkt. 1 at 7, 11. While not entirely clear, "Do[e]s 1-10" appear to refer to the Complaint's ten named Defendants. See id. at 27 ("Each of the aforemention[ed] (Do[e]s 3-10) had direct contact with [P]laintiff . . . .").

However, to the extent Plaintiff is attempting to name Doe defendants, a plaintiff must allege sufficient facts to state a claim to survive dismissal on the pleadings. See Wilson v. Fla. Dep't of Revenue, No. 14-CV-04726-JCS, 2015 WL 136557, at *11 (N.D. Cal. Jan. 8, 2015) (recognizing plaintiffs should generally be permitted to pursue discovery to identify Doe defendants but dismissing Doe defendants for failure to state a claim because they were only named in the caption, and the court had "no clue why the John Does are being named as defendants" (citing Lopez v. Bank of Am., No. 1:11-cv-00485-LJO-SMS, 2011 WL 1134671, at *3 (E.D. Cal. Mar. 28, 2011))). Moreover, if Plaintiff is unaware of the true names of any Doe defendants, Plaintiff will be given the opportunity to discover those names. Plaintiff is cautioned that if she is unable to timely identify the Doe defendants, the claims against the Doe defendants will be subject to dismissal because the Court will not be able to order service against defendants who are unidentified. See Augustin v. Dep't of Public Safety, No. CIV. 09-00316-ACK-BMK, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); Williams v. Schwarzenegger, No. Civ S-05-0838 DFL CMK P, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

emergency." Id. at 5-6. In a matter of about five months, "as a result of the [cumulative] pain and suffering from [not] being treated in a prompt and diligent manner," Plaintiff developed high blood pressure; eczema that worsened from "mild[ ] to moderate"; and "full blown open wounds on [her] hands, neck, leg, and feet, requiring immediate attention[.]" Id.

On three occasions in March, April, and June 2008, defendant Williams saw Plaintiff but "never sen[t] the request for [m]edical care to schedule for a [d]octor's appointment[.]" Id. at 5, 24. Defendant Williams failed to properly document Plaintiff's medical condition and diagnosed Plaintiff with ringworm. Id. Defendant Williams "had direct knowledge of [P]laintiff's increasing worsening physical condition" but "provided minimum care (inadequate treatment)." Id. at 24.

On August 4 and 5, 2008, Plaintiff showed defendant Cole the condition of Plaintiff's hand and requested defendant Cole to contact the clinic. Id. at 5. Defendant Cole, however, refused to summon medical care. Id. at 5, 23.

On August 5 and 6, 2008, defendant Hermosia saw Plaintiff at the onsite infirmary known as "805-SNF." Id. at 23. Defendant Hermosia refused to treat Plaintiff, even though defendant Hermosia saw Plaintiff's cracked and swollen right foot and the "gaping open wound in [P]laintiff'[s]" right hand, right foot, and left shin. Id. at 5, 23. Plaintiff's rash had turned into an "open flesh wound" and was "oozing puss." Id. at 23. Defendant Hermosia told Plaintiff he could not help her. Id. at 5. He did not provide her "any topical ointment" or "any medical provisions to wash, clean, bandag[e, and] prevent any further infection from occurring." Id. at 5, 23. He also "refused to notify the [primary care physician] on the yard where [P]laintiff was residing." Id. He told Plaintiff she needed to submit a "co-pay C.D.C.R.-7362, request for Medical service[ ] form[.]"[2] Id. at 5.

---

[2] Plaintiff states that the "CDCR-7362, sick -call requests (co-pay) forms serve[ ] to notify medical staff of an issue." Dkt. 1 at 27.

3

In 2013, due to "continued issue with delay or lack o[f] treatment for issues related to [e]czema," Plaintiff developed supraventricular tachycardia, and an electrocardiogram indicated Plaintiff had a myocardial injury. Id. at 6.

**B.     PLAINTIFF'S MEDICAL CARE AT CIW IN 2016 and 2017**

From 2014 to 2019, Plaintiff was a state prisoner in the custody of CDCR at CIW. Id. at 7. Between July 6 and 29, 2016, Plaintiff had "serious physical injuries" stemming from her eczema and required seven days of "wound-care." Id. at 7-8. During this time, Plaintiff sought medical care from defendants Carr (registered nurse at CIW), Salas (licensed vocational nurse at CIW), and Liu (physician at CIW) and interacted with defendant Issachar (clinical nursing staff at CIW). See id. at 24-26.

On July 7 and 8, 2016, Plaintiff informed defendant Carr that Plaintiff "was beginning to have a[n] eczema flare-up and needed to see her PCP in order to be seen by [a] dermatologist to get the shot (Keflon)[.]" Id. at 24. Defendant Carr "diagnos[ed] the condition as not needing further medical attention" and re-ordered one tube of triamcinolone ointment, even though Plaintiff told defendant Carr that the ointment "was not having an impact" on her eczema. Id. Defendant Carr told Plaintiff to submit another "sick-call request CDCR-7362 form" if Plaintiff's rash worsened and refused to "send a request to be seen by [a] PCP." Id.

On July 9, 2016, defendant Salas "triaged [Plaintiff] as non-urgent," even though Plaintiff wrote "URGENT" at the top of her request. Id. at 25. Defendant Salas noted defendant Carr had seen Plaintiff on July 7 and 8, 2016 and re-ordered the topical ointment. Id. Plaintiff told defendant Salas that Plaintiff needed to "get the shot (Keflon) that the dermatologist would order[.]" Id. Defendant Salas, however, told Plaintiff she did not need to see a doctor and responded, "This is not urgent, you have the ointment, use it and submit another co-pay 7362 form in 7 days [if] the condition gets wors[e]." Id.

Between July 14 and 15, 2016 and between July 21 and 25, 2016, defendant Liu "refused to attend to [Plaintiff] at the on-site hospital (TTA)." Id. at 26. Finally, on

4

July 29, 2016, defendant Issachar "[t]hreaten[ed] to have [P]laintiff removed from wound-care" because Plaintiff "answered a question." Id.

About eight months later, in March or April 2017, defendant Marakonda (physician at CIW) refused to provide Plaintiff a "(Keflon) shot[.]" Id. Plaintiff had "indicated that a previous shot had worn off and that [P]laintiff was beginning to experience another eczema flare-up and a much needed benedryl shot for the severe itching." Id.

In 2018, Plaintiff "had to have a [h]eart ablation" after her medications were no longer effective in treating her supraventricular tachycardia. Id. at 6.

Plaintiff further alleges that "[a]s a result of hav[ing] to endure sufferings and physical pain," Plaintiff has a "compromised health level" and "can no longer work." Id. Plaintiff seeks injunctive relief "[f]or future medical care-treatments, which could include any surgeries [she] may need," in addition to compensatory and punitive damages. Id. at 6, 10, 28.

### III.
### STANDARD OF REVIEW

Where a plaintiff is proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

5

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). Liberal construction, however, should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the

6

plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. THE COMPLAINT IMPROPERLY JOINS DISTINCT CLAIMS

#### 1. Applicable Law

A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.  FED. R. CIV. P. 18(a).  Federal Rule of Civil Procedure 20(a)(2) ("Rule 20(a)(2)") allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  FED. R. CIV. P. 20(a)(2); see also League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency, 558 F.2d 914, 917 (9th Cir. 1977).  However, "[m]ere proximity in time and similarity in the types of problems" a plaintiff encounters "are not enough to satisfy Rule 20(a)(2) and bring in one suit otherwise unrelated claims against different defendants."  Kerstein v. Antelope Valley Hosp., No. CV 18-8960 PA (JPRX), 2018 WL 10111361, at *2 (C.D. Cal. Nov. 6, 2018) (citation and internal quotation marks omitted).  Moreover, "[u]nrelated claims against different defendants belong in different suits . . . to prevent the sort of morass that [a multi-claim, multi-defendant suit] produce[s.]"  Billie v. Brown, No. 2:19-cv-03078-VAP (SK), 2019 WL 6792806, at *1 (C.D. Cal. Aug. 28, 2019) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).  When numerous claims are misjoined, the court can generally dismiss all but the first named defendant without prejudice to the institution of new, separate lawsuits against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint.  Coughlin v. Rogers, 130

7

F.3d 1348, 1350 (9th Cir. 1997); Kirakosian v. J&L Sunset Wholesale & Tobacco, No. 2:16-CV-06097-CAS (AJWx), 2017 WL 3038307, at *3 (C.D. Cal. July 18, 2017) ("An accepted practice under Rule 21 is to dismiss all defendants except for the first defendant named in the complaint.").

### 2. Analysis

Here, the Complaint contains allegations regarding two separate incidents of Plaintiff's medical care: one that takes place at CCWF in 2008; and the other, at CIW in 2016 and 2017. Relatedly, the Complaint names eight individual defendants who were either employed at CCWF or CIW. To the extent Plaintiff alleges her eczema was the "stimulus issue" necessitating medical care at both institutions, dkt. 1 at 6, the Court finds Plaintiff has improperly joined multiple defendants to a lawsuit where the right to relief arises out of multiple occurrences. See Kerstein, 2018 WL 10111361, at *2 (finding defendants are improperly joined where plaintiff's "claims against the Hospital Defendants and against the Nursing Facility Defendants relate to distinct events occurring at different locations and times, involving different individuals"). Specifically, the Complaint improperly joins claims against defendants Williams, Cole, and Hermosia in connection with Plaintiff's medical care at CCWF with claims against defendants Carr, Salas, Liu, Issachar, and Marakonda in connection with Plaintiff's medical care at CIW.

Accordingly, Plaintiff's various unrelated claims against different defendants must be brought in separate lawsuits.[3]

///
///

---

[3] If, for example, Plaintiff chooses to pursue her claims against defendants employed at CCWF in an amended complaint, any claims regarding her treatment while at CIW must be brought in a separate lawsuit. In the event Plaintiff files an amended complaint that once again improperly joins unrelated claims and defendants, the Court will be inclined to dismiss all but the first named defendant, State of California, without prejudice based on improper joinder, see Kirakosian, 2017 WL 3038307, at *3, and dismiss the claims against defendant State of California with prejudice because they are barred by the Eleventh Amendment as set forth below.

## B. THE ELEVENTH AMENDMENT BARS ALL SECTION 1983 CLAIMS AGAINST DEFENDANT STATE OF CALIFORNIA, DEFENDANT CDCR, AND THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITY FOR MONEY DAMAGES

### 1. Applicable Law

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether a plaintiff "seek[s] damages or injunctive relief." Id.; Pennhurst State Sch. & Hosp., 465 U.S. at 102. "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365 (1990). Thus, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

### 2. Analysis

Here, to the extent Plaintiff seeks to sue, pursuant to Section 1983, defendants State of California and CDCR,[4] and individual defendants in their official capacity for money damages,[5] the claims are barred under the Eleventh Amendment.

---

[4] Plaintiff states State of California and CDCR officials, including those in CDCR's Regulation and Policy Management Branch, "were completely aware of the issues to which Plaintiff is complaining[.]" Dkt. 1 at 20. To the extent Plaintiff seeks to name particular State of California or CDCR officials as defendants, she may do so in an amended complaint.

[5] Individual state official and employees may be sued in their official capacity for prospective injunctive relief under the Ex parte Young doctrine, a limited exception to Eleventh Amendment immunity. See Ex parte Young, 209 U.S. 123 (1908); Doe v. Regents of the Univ. of Cal., 891 F.3d 1147, 1153 (9th Cir. 2018) ("Under the Ex parte Young exception to that Eleventh Amendment bar, a party may seek prospective injunctive relief against an individual state officer in her official capacity.")

9

Accordingly, Plaintiff's Section 1983 claims against defendants State of California and CDCR, and the individual defendants in their official capacity for money damages are subject to dismissal.

## C. THE COMPLAINT FAILS TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS AGAINST DEFENDANTS WILLIAMS, COLE, CARR, SALAS, ISSACHAR, LIU, AND MARAKONDA

### 1. Applicable Law

Section 1983 prohibits persons acting under color of law from depriving individuals of their constitutional rights. 42 U.S.C. § 1983. To state a claim against a defendant for violation of civil rights under Section 1983, a plaintiff must allege the defendant deprived him or her of a right guaranteed under the Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48 (1988); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1998). A plaintiff must present facts showing how a particular defendant was directly and personally involved in inflicting the alleged injury. See Iqbal, 556 U.S. at 676. Moreover, although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook, 637 F.3d at 1004 (quoting Iqbal, 556 U.S. at 678).

Prison officials or private physicians under contract to treat state inmates "violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (alterations in original) (citation omitted); Farmer v. Brennan, 511 U.S. 825, 828 (1994); West, 487 U.S. at 54. To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297 (1991).

10

"A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" Peralta, 744 F.3d at 1081. "A prison official is deliberately indifferent to [a serious medical] need if he 'knows of and disregards an excessive risk to inmate health.'" Id. at 1082 (citation omitted). This standard "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"Deliberate indifference 'may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" Id. (citing Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996), cert. denied, 519 U.S. 1029 (1996); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (finding negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Similarly, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise" to a Section 1983 claim. Franklin v. Or., State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981). A plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson, 90 F.3d at 331.

**2. Analysis**

As an initial matter, Plaintiff has alleged sufficient facts for the Court to reasonably infer Plaintiff had a serious medical need in 2008, 2016, and 2017 that would result in "'significant injury or the unnecessary and wanton infliction of pain'"

if not treated. Peralta, 744 F.3d at 1081. Plaintiff alleges in 2008, Plaintiff developed high blood pressure; eczema that worsened from "mild[ ] to moderate"; and "full blown open wounds on [her] hands, neck, leg, and feet, requiring immediate attention[.]" Dkt. 1 at 5-6. Plaintiff also alleges in 2016, Plaintiff had "serious physical injuries" stemming from her eczema and required seven days of "wound-care." Id. at 7-8. Plaintiff further alleges in 2017, she had "another eczema flare-up" and "severe itching." Id. at 26.

However, as detailed below, Plaintiff provides insufficient factual allegations to support her claims as to defendants Williams, Cole, Carr, Salas, Issachar, Liu, and Marakonda.

        **a.**    **Defendant Williams**

Plaintiff alleges defendant Williams was deliberately indifferent to a serious medical need because defendant Williams failed to properly document Plaintiff's medical condition, "never sen[t] the request for [m]edical care to schedule for a [d]octor's appointment," and "provided minimum care (inadequate treatment)." Dkt. 1 at 5, 24. Plaintiff, however, fails to sufficiently allege that defendant Williams deprived Plaintiff of an objectively serious medical need. Plaintiff admits defendant Williams treated her with at least "minimum care." Id. at 24. To the extent Plaintiff alleges defendant Williams only provided "minimum care" to support an inference of defendant Williams' negligence, negligence does not rise to the level of a constitutional violation. See Toguchi, 391 F.3d at 1060. In addition, Plaintiff fails to allege defendant Williams acted with a subjectively capable state of mind. Specifically, Plaintiff does not allege facts showing defendant Williams was aware of and consciously disregarded the severity of Plaintiff's eczema or related conditions. See Peralta, 744 F.3d at 1081.

Accordingly, Plaintiff's Eighth Amendment claim against defendant Williams is subject to dismissal.

///

### b. Defendant Cole

Plaintiff alleges defendant Cole was deliberately indifferent to a serious medical need because defendant Cole saw "full blown open wounds" on Plaintiff's hand and refused to summon medical care on August 4 and 5, 2008. Dkt. 1 at 5, 23. Defendant Cole's refusal, however, does not appear to have deprived Plaintiff of medical care. In fact, on August 5 and 6, 2008, Plaintiff admits medical professional and defendant Hermosia saw Plaintiff at the onsite infirmary. Id. at 23; see also Perez v. Brady, No. 2:19-cv-04309-VBF (KES), 2020 WL 2441434, at *7-8 (C.D. Cal. Mar. 16, 2020), report and recommendation adopted, 2020 WL 2395210 (C.D. Cal. May 12, 2020) (finding because no harm resulted from delay in seeing a doctor, Plaintiff fails to sufficiently allege an Eighth Amendment deliberate indifference claim).

Accordingly, Plaintiff's Eighth Amendment claim against defendant Cole is subject to dismissal.

### c. Defendant Carr

Plaintiff alleges defendant Carr was deliberately indifferent to a serious medical need because defendant Carr found Plaintiff did not need further medical attention, even though Plaintiff told defendant Carr that the triamcinolone ointment was "not having an impact" on Plaintiff's eczema. Dkt. 1 at 24. However, although Plaintiff alleges she wanted to be "seen by [a] dermatologist to get the shot (Keflon)," id., defendant Carr's decision to treat Plaintiff by reordering a tube of triamcinolone ointment is merely a "difference[ ] in medical judgment or opinion" and does "not rise to the level of a constitutional violation," Jackson, 90 F.3d at 331.

Accordingly, Plaintiff's Eighth Amendment claim against defendant Carr is subject to dismissal.

### d. Defendant Salas

Plaintiff alleges defendant Salas was deliberately indifferent to a serious medical need because defendant Salas determined Plaintiff did not need to see a doctor and instructed Plaintiff to continue using the ointment and seek medical care in seven

days. Dkt. 1 at 25. First, without further allegations, defendant Salas' recommendation that Plaintiff continue using the ointment and seek medical care in seven days is merely a "difference[ ] in medical judgment or opinion" and does "not rise to the level of a constitutional violation." Jackson, 90 F.3d at 331. In addition, because Plaintiff does not specifically allege whether defendant Salas was aware of Plaintiff's worsening condition, the Court cannot draw an inference that defendant Salas acted with a sufficiently culpable state of mind.

Accordingly, Plaintiff's Eighth Amendment claim against defendant Salas is subject to dismissal.

### e. Defendant Liu

Plaintiff alleges defendant Liu was deliberately indifferent to a serious medical need because defendant Liu "refused to attend to [Plaintiff] at the on-site hospital (TTA)." Dkt. 1 at 26. Plaintiff, however, does not allege any facts showing that defendant Liu knew of Plaintiff's "serious physical injuries, requiring 7 days of wound-care," id. at 7, and thus consciously disregarded an excessive risk to Plaintiff's health. The Court, therefore, cannot draw an inference that defendant Liu acted with a subjectively culpable mind.

Accordingly, Plaintiff's Eighth Amendment claim against defendant Liu is subject to dismissal.

### f. Defendant Issachar

Plaintiff alleges defendant Issachar was deliberately indifferent to a serious medical need because defendant Issachar "[t]hreaten[ed] to have [P]laintiff removed from wound-care" for "answer[ing] a question."[6] Id. at 26. However, because

---

[6] To the extent Plaintiff seeks to allege a First Amendment retaliation claim, Plaintiff's conclusory allegation that defendant Issachar threatened Plaintiff is insufficient to support a First Amendment retaliation claim. To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) [a]n assertion that [a prison official] took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of [her] First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (observing

Plaintiff does not allege defendant Issachar acted on that threat, the Court cannot draw an inference that defendant Issachar deprived Plaintiff of an objectively serious medical need. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) ("[V]erbal harassment generally does not violate the Eighth Amendment."). Further, because Plaintiff fails to allege facts showing defendant Issachar knew of and consciously disregarded Plaintiff's eczema or related conditions, the Court cannot draw an inference that defendant Issachar acted with a subjectively culpable mind.

Accordingly, Plaintiff's Eighth Amendment claim against defendant Issachar is subject to dismissal.

### g. Defendant Marakonda

Plaintiff alleges defendant Marakonda was deliberately indifferent to a serious medical need because defendant Marakonda refused to provide Plaintiff a "(Keflon) shot when [P]laintiff indicated that a previous shot had worn off and that [P]laintiff was beginning to experience another eczema flare-up and a much needed benedryl shot for the severe itching." Dkt. 1 at 26. Plaintiff, however, does not allege any facts to support an inference that defendant Marakonda deprived Plaintiff of an objectively serious medical need. Specifically, Plaintiff does not allege whether defendant Marakonda failed to provide any medical treatment whatsoever or chose a course of treatment that was medically unacceptable under the circumstances. Once again, a "difference[ ] in medical judgment or opinion" does "not rise to the level of a constitutional violation." Jackson, 90 F.3d at 331. In addition, to the extent Plaintiff attempts to allege defendant Marakonda's actions rose to the level of negligence, negligence does "not rise to the level of a constitutional violation." Id.

---

a prisoner "must show that there were no legitimate correctional purposes motivating the actions he complained of"). Without alleging facts showing Plaintiff's response to "a question" was protected conduct, the Complaint fails to allege a First Amendment retaliation claim.

Accordingly, Plaintiff's Eighth Amendment claim against defendant Marakonda is subject to dismissal.

Plaintiff, therefore, fails to state an Eight Amendment deliberate indifference claim against defendants Williams, Cole, Carr, Salas, Issachar, Liu, and Marakonda. If Plaintiff seeks to amend her claim against these defendants, she must allege <u>specific facts</u> indicating, among other things, when and how each of these defendants were informed Plaintiff was in severe pain and what actions each defendant took to deny Plaintiff pain medication or treatment.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in her pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in her First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1.      Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above.  <u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.</u>

If Plaintiff chooses to file a First Amended Complaint, she must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  <u>Id.</u>  **Because the Court grants Plaintiff leave to amend as to all her claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.**  See <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [her] complaint.'"  <u>Ismail v. Cnty. of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may file a notice with the Court that she intends to stand on the allegations in his Complaint. If Plaintiff chooses to stand on the Complaint despite the deficiencies in all of Plaintiff's claims identified above, then the Court will submit a recommendation to the assigned district judge **that the Complaint, in its entirety, be dismissed for improperly joining distinct claims and failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

3. Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if she chooses to voluntarily dismiss the action.</u>

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: May 25, 2021

HONORABLE KENLY KIYA KATO
United States Magistrate Judge